18-391-cv
Walston v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                 *Circuit Judges*.

_____

KEVIN JAMEL WALSTON, ANGELICA VALENTINE, R.W., P.N.,

                 *Plaintiffs-Appellants*,

                 v.                                              18-391-cv

THE CITY OF NEW YORK, POLICE OFFICER DAVID GRIECO, SHIELD #18061 OF THE 75TH PRECINCT, POLICE OFFICER EDGARDO CARRIERI, SHIELD #18255 OF THE 75TH PRECINCT, POLICE OFFICER JOSEPH PATTON, 75TH PRECINCT, LISA MILES, 75TH PRECINCT, MICHAEL GESSNER,

                 *Defendants-Appellees.*[1]

_____

Appearing for Appellants:     Alan D. Levine, Kew Gardens, N.Y.

Appearing for Appellees:     Antonella Karlin, Assistant Corporation Counsel (Richard Dearing, Kathy Chang Park, Assistant Corporation Counsel, *on the brief*),

---

[1] The Clerk of the Court is directed to amend the caption as above.

*for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellants Kevin Walston and Angelica Valentine[2] appeal from a January 11, 2018 judgment and order of the United States District Court for the Eastern District of New York (Chen, *J.*), granting summary judgment to Defendants-Appellees and dismissing Plaintiffs-Appellants' section 1983 complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Walston and Valentine argue that the district court erred in granting the City's motion for summary judgment on their false arrest and malicious prosecution claims as to Officer Carrieri. We review de novo a district court's grant of summary judgment. *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted).

With respect to false arrest, Walston and Valentine argue that Officer Carrieri did not have probable cause to arrest them. "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted). Under New York Penal Law § 140.15, "A person is guilty of criminal trespass in the second degree when: 1. he or she knowingly enters or remains unlawfully in a dwelling; or 2. [unlawfully enters or remains in a school]." "A person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so." *Id*. § 140.00(5).

Prior to the arrest, Officer Carrieri was told by his fellow officers that, according to the building's owner, no one was supposed to be living in the building. After Walston and Valentine were found in the building, Officer Carrieri learned that the owner confirmed that they were not supposed to be living at the premises. Officer Carrieri therefore had probable cause to arrest Walston and Valentine for criminal trespass. Their false arrest claim fails as a matter of law.

With respect to malicious prosecution, Walston and Valentine argue that because a lack of probable cause may give rise to an inference of malice, a genuine dispute of material fact as to malice existed here. To prove their claim of malicious prosecution, Appellants must show "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d

---

[2] R.W. and P.N., also listed as appellants in the caption, are children.

139, 143 (2d Cir. 2003). Probable cause continues to exist at the time of prosecution unless undermined "by the discovery of some intervening fact." *Id*. at 144 (internal quotation marks omitted).

As noted above, Walston and Valentine cannot show that there was no probable cause for the proceeding. They did not produce their lease agreement—the intervening fact—until after the arraignment. After Walston and Valentine produced the lease, the trespass case was dismissed. Accordingly, their malicious prosecution claim fails as a matter of law, and we need not reach their arguments about qualified immunity.

We have considered the remainder of Walston and Valentine's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's January 11, 2018 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk